# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FILEMON LOPEZ-CASTRO, )
as administrator for the state of Eduardo )
Lopez-Hernandez, deceased, *et al*. )
                                                                    )
               Plaintiffs, )   Case No.  2:11-cv-01014-KJD-CWH
                                                                    )
vs. )   **ORDER**
                                                                    )
SCOTT SIMON, *et al.* )
                                                                    )
               Defendants. )
_____)

This *ex parte* motion was filed November 4, 2011 (# 50), and requests this Court to grant an extension of time to effectuate service upon Defendant Las Vegas Metropolitan Police Department ("LVMPD").

The Complaint in this matter was filed in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark on May 25, 2011. (#1-1).  Plaintiff's complaint alleges violation of his civil rights under 42 U.S.C. § 1983 as well as various state law claims. Defendants filed a Notice of Removal with this Court on June 21, 2011 (#1).

No summons was ever issued to Defendant LVMPD. Rule 4 of the Federal Rules of Civil Procedure governs the service of publication. Specifically, Rule 4(m) states the following:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

More than 120 days have passed since the filing of the complaint and Plaintiffs' request for an extension to serve.  Plaintiffs attribute the failure of service to a clerical error, and argue that good cause exists for an extension of time in which to serve.  It is unclear from Plaintiffs' motion to whom the clerical error is attributable.

Generally, "good cause" exists where the plaintiff has been diligent in his effort to effect service or there are other mitigating circumstances. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* §1337 (2011). Good cause is likely to be found when the failure to complete service in a timely fashion is due to the conduct of a third-person, typically the process server. *Id*.

When a clerical mistake is made that results in failing to properly effect service, the error is generally chargeable to the attorney and does not constitute good cause. *Reeves v. Frank*, No. 89-56278, 1990 WL 68868, at *1 (9th Cir. May 21, 1990) (citing *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987)). This type of clerical error presumably occurred here. However, this "Court is authorized to relieve a plaintiff of the consequences . . . even if there is no good cause shown." Fed. R. Civ. P. 4(m), Advisory Comm. Notes, 1993 Amendments. The Court notes that dismissal would not affect the disposition of this case, given that Plaintiffs are not outside the statute of limitations on their claims, and the remaining Defendants are all properly served. Further, an extension would not prejudice the defendant. Thus, the Court finds that Plaintiffs should be allowed to serve Defendant LVMPD outside the 120 day time period.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Extend Time for Service (#50) is **granted**. Plaintiffs shall have **30 days** from the date of this order in which to effectuate service upon Defendant LVMPD.

DATED this 8th day of November, 2011.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**