UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FILEMON LOPEZ-CASTRO, *et al.*, | |
| Plaintiffs, | Case No. 2:11-CV-01014-KJD-CWH |
| v. | **ORDER** |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

Presently before the Court is Defendant City of Henderson's Motion to Dismiss (#31). Plaintiffs filed a response in opposition (#41) to which Defendant replied (#45). The City of Henderson also filed a Motion to Dismiss (#30) the claims against Henderson Police Department. Though the time for doing so has passed, no response in opposition has been filed. Therefore, in accordance with Local Rule 7-2(d) and good cause being found, the Court grants the motion to dismiss claims against the Henderson Police Department.

I. Background

On or about August 25, 2010, Eduardo Lopez-Hernandez ("Eduardo") was driving northbound on US Highway 95 with his brother, Miguel Lopez-Hernandez ("Miguel"). A prior accident on the highway caused traffic flow to stall. While caught in the stalled traffic, Eduardo became involved in an altercation with three individuals: Taylor, Gott and Hurley ("the Assailants").

Eduardo was tackled, punched and kicked by the Assailants. He was also threatened with a broomstick by Assailants. In an effort to evade the Assailants, Eduardo drove his vehicle into the emergency lane and consequently struck several other vehicles, eventually wedging his car between the guard rail and other vehicles. Eduardo was then assaulted by the Assailants again. He then ran from his car hoping to lead the Assailants away from his younger brother, Miguel.

In an attempt to evade the assailants, Eduardo crossed to the other side of the highway. Contemporaneously, the Nevada Highway Patrol had been informed that an altercation was occurring on the freeway involving several individuals beating a man with a broomstick. As he approached, responding Highway Patrol Officers grabbed Eduardo and threw him to the ground. As Eduardo was restrained, City of Henderson Police Officer, Defendant Michael Corad, placed his booted foot on Eduardo's head to help restrain him. In the ensuing struggle, Eduardo was beaten and "tased" nineteen ("19") times. Eventually, Eduardo stopped moving, and officers discovered that Eduardo was not breathing. Eduardo died at the scene.

Plaintiffs then filed the present action against several defendants, including Corad and the City of Henderson. The allegations of the complaint do not contain additional actions on the part of Corad, other than his restraining Eduardo's head with his foot. Further it is alleged that the City of Henderson has a "policy, practice and custom...to inadequately hire, train, and supervise its officers, agents and employees in the use of Tasers and excessive force in general[.]" In response to the City of Henderson's motion to dismiss, Plaintiffs assert that "the City of Henderson was directly involved in the deprivation of Lopez-Hernandez's Fourth and Fourteenth Amendment rights because it is a custom of the City of Henderson to not train and supervise its officers adequately enough in regards to use of force."

II. Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III.  Analysis

   A.  Third Cause of Action Against the City of Henderson

The City of Henderson ("Henderson") has moved to dismiss Plaintiffs' third cause of action. In response, Plaintiffs' assert that it has adequately stated a cause of action against the municipality for a "custom" of failing to adequately train officers in regards to the use of force. Plaintiffs' response also seems to assert that Henderson is liable not just for the use of force from Corad using his foot to hold Eduardo's head down, but also the other injuries suffered by Eduardo as a result of Corad's involvement, including the "tasering" of Eduardo and his resulting death.

Under § 1983, a municipality may not be held liable solely because it employs a tortfeasor. See Monell v. N.Y. Dep't of Soc. Servs., 436 U.S. 658 , 689 (1978). A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy"or "custom" that caused plaintiff's injury. Id. at 694. An act performed pursuant to a custom that has not been formally approved by an appropriate decision maker may fairly subject a municipality to liability on the theory

that the relevant practice is so widespread as to have the force of law. Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). The plaintiff must demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. Id. at 404. A plaintiff must show the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. Id. Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees. Id. at 405 (citing City of Canton v. Harris, 489 U.S. 378, 391-92 (1989)). A plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with "deliberate indifference" to its known or obvious consequences. Canton, 489 U.S. at 388 (specifically addressing claim for inadequate training); Brown, 520 U.S. at 407. Therefore, according to Brown and Canton, Plaintiffs must allege that Henderson was deliberately indifferent to Plaintiffs' rights when it adopted the custom of inadequately training its officers on the use of force. Further, it must allege that Henderson's training program resulted in a pattern of tortious conduct by inadequately trained officers demonstrating that Plaintiffs' rights were violated due to a lack of proper training which was the "moving force" behind the injury rather than a "one-time negligent administration of the program[.]" Brown, 520 U.S. at 407-408.

Here, Plaintiffs have not adequately asserted facts alleging that Henderson was deliberately indifferent to Plaintiffs' rights when Henderson adopted a custom of failing to adequately train police officers on the use of force. Instead Plaintiffs have merely recited broad legal conclusions. Furthermore, Plaintiffs have not alleged any facts demonstrating how Henderson's alleged failure to train its officers on the use of Tasers was the moving force behind the injuries suffered by Eduardo at the hands of officers from other jurisdictions. Therefore, the Court grants Henderson's motion to dismiss Plaintiffs' third cause of action, but grants Plaintiffs leave to amend. Since Plaintiffs assert

that their Third Cause of Action arises under the Fourth and Fourteenth Amendment, there are no state law claims to dismiss.

### B. Eleventh Twelfth Causes of Action against the City of Henderson

Having failed to state a claim against the City of Henderson on its <u>Monell</u> claim, Plaintiffs have also failed to state a claim against the City of Henderson on their wrongful death claim, because they have alleged no facts that establish that Eduardo's death was the result of an action by the City of Henderson.  However, Plaintiffs are granted leave to amend this claim to assert facts, rather than legal conclusions, that would establish liability on Henderson's part.  Finally, Plaintiffs have adequately alleged that Henderson is responsible for the acts of its agent, Corad, and have stated a claim for negligent infliction of emotional distress against Henderson to the extent that Corad is liable.

## IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant City of Henderson's Motion to Dismiss (#30) is **GRANTED**;

IT IS FURTHER ORDERED that  Defendant City of Henderson's Motion to Dismiss (#31) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that the Third and Eleventh Cause of Action against the City of Henderson are **DISMISSED** with leave to amend;

IT IS FURTHER ORDERED that Plaintiffs file an amended complaint within fourteen (14) days of the entry of this order;

IT IS FURTHER ORDERED that the City of Las Vegas' Motion to Dismiss (#28) is **DENIED as moot**.

DATED this 9th day of December 2011.

Kent J. Dawson
United States District Judge